REQUESTED BY: Lawrence R. Myers Executive Director Nebraska Equal Opportunity Commission
Are probationary teachers protected by the Nebraska Fair Employment Practice Act, Neb.Rev.Stat. § 48-1101 to 48-1126?
Yes.
You have asked whether a school district can terminate a probationary teacher even if it is for a discriminatory reason and use as its defense the language in Neb.Rev.Stat. § 79-1254 which states that probationary teachers may be terminated without just cause.
As an initial matter, § 79-1254 has been repealed. The statutory provisions covering tenure of teachers and administrators are now found at Neb.Rev.Stat. § 79-12,107 to 79-12,121 (Cum.Supp. 1982). It is our opinion that school boards must comply with the requirements of the Fair Employment Practice Act (FEPA) even if they are dealing with probationary teachers and administrators.
The definition of `employer' under the FEPA is found at § 48-1102(2) (Supp. 1983). It specifically includes `the State of Nebraska, governmental agencies, and political subdivisions.' School boards clearly fit under this definition. Under the FEPA, an `employee' is defined as `an individual employed by an employer.' Neb.Rev.Stat. 48-1102(6). This definition includes teachers and administrators, whether on permanent or probationary status.
Under the Nebraska laws dealing with schools, `probationary certificated employee' is defined at Neb.Rev.Stat. § 79-12,107(3). The procedures for evaluation and amendment or nonrenewal of contracts are set out in 79-12,111. Probationary teachers and administrators are entitled to informal hearings when the question of nonrenewal of contracts is at issue. Neb.Rev.Stat. § 79-12,116. Section 79-12,111(4) states, `The school board may elect to amend or not renew the contract of a probationary certificated employee for any reason it deems sufficient if such nonrenewal shall not be for constitutionally impermissible reasons and such nonrenewal shall be in accordance with the provisions of sections 79-12,107 to 79-12,121.'
The language quoted above does not preclude the application of the FEPA on school boards as they deal with probationary employees. Rather, school boards are to be treated in the same manner as all other `employers' subject to the FEPA.
 Neb.Rev.Stat. § 48-1104 (Reissue 1978) states in part: It shall be an unlawful employment practice for an employer:
 (1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin.
There is nothing in the FEPA which exempts school boards from the jurisdiction of the Nebraska Equal Opportunity Commission when allegations of discrimination have been made by probationary employees.
Therefore, while a school board may amend or not renew a contract of a probationary certificated employee `for any reason it deems sufficient,' it may not take any such actions for reasons forbidden by the FEPA. Probationary teachers and administrators, as well as permanent employees, are protected by that statute.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Dale D. Brodkey Assistant Attorney General
APPROVED:
Paul L. Douglas Attorney General